F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 4 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00070-BNB

DARLA JEAN HOODENPYLE,

    Plaintiff,

v.

COUNTY OF EL PASO,
4th JUDICIAL DISTRICT ATTORNEY'S OFFICE,
DAN MAY, District Attorney for the 4th Judicial District, In his Official Capacity,
EL PASO COUNTY SHERIFF'S OFFICE,
TERRY MAKETA, El Paso County Sheriff, In his Official Capacity,
KARL MAI, In His Official Capacity,
JORGE SIERRA, In his Professional Capacity,
JOHN AND JANE DOES 1-100, and
ABC CORPORATION 1-20,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

    Plaintiff, Darla Jean Hoodenpyle, currently resides in San Diego County, California. Mrs. Hoodenpyle, through counsel, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 alleging that her rights under the United States Constitution have been violated. Mrs. Hoodenpyle also asserts a legal malpractice claim against Defendant Sierra and seeks money damages. For the reasons stated below, the Court will direct Mrs. Hoodenpyle to submit an Amended Complaint.

    Mrs. Hoodenpyle asserts that her constitutional rights were violated because she was falsely charged with four attempts to influence a public servant, which eventually were dismissed. Mrs. Hoodenpyle also asserts that she was arrested, incarcerated for

several hours, and subjected to a $3,000.00 bail as a result of the false charges. Mrs. Hoodenpyle further contends that during the eleven months of court proceedings she suffered intimidation; misrepresentation of counsel; threats of being placed in a mental institution; humiliation; slander; defamation of character; and peonage. She claims to have suffered mental, physical, and emotional damages.

" '[T]here is no question in this circuit that prosecutors are absolutely immune from liability for allegedly failing to conduct an adequate, independent investigation of matters referred to them for prosecution.' " *Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (quoting *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991)). Further, a prosecutor's decision as to when to dismiss charges is entitled to absolute prosecutorial immunity because it is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976); see also *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996) ("The decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions."). Moreover, absolute immunity "may attach even to such administrative or investigative activities 'when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court.' " *Pfeiffer*, 929 F.2d at 1490 (quoting *Snell v. Tunnell*, 920 F.2d 673, 693 (10th Cir. 1990)). Thus, Defendants Fourth District Judicial Attorney's Office and May are absolutely immune from liability under § 1983 for initiating and subsequently dismissing charges against Mrs. Hoodenpyle.

Regardless of whether Defendant Sierra acted as a private attorney or a public defender in representing Mrs. Hoodenpyle, he is not a state actor under § 1983 and is

not a proper party to this action. **Polk County v. Dodson**, 454 U.S. 312, 318 and 325 (1981).

Mrs. Hoodenpyle also may not sue the El Paso County Sheriff's Office because it is not a separate entity from El Paso County and is not a person under 42 U.S.C. § 1983. **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the Sheriff's Office must be considered as asserted against El Paso County.[1]

Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Mrs. Hoodenpyle does not allege an injury based on policy or custom. Mrs. Hoodenpyle cannot state a claim for relief against a municipal entity under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

Mrs. Hoodenpyle has named both Defendant Maketa and Mai in their official capacities. Sovereign immunity extends to state officials sued in their official capacities for retrospective relief. **See Edelman v. Jordan**, 415 U.S. 651, 664-67 (1974). Although Mrs. Hoodenpyle has improperly raised claims against named Defendants,

---

[1] "In all suits . . . against a county, the name in which the county shall sue or be sued shall be, 'The board of county commissioners of the county of . . . .'" **See** Colo. Rev. Stat. § 30-11-105.

3

she will be provided the opportunity to amend the Complaint in keeping with the Court's findings.

To state a claim Mrs. Hoodenpyle must allege with specificity what each named Defendant did to her, when they did it, how their actions harmed her, and what specific legal right they violated. ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007)   Accordingly, it is

ORDERED that Mrs. Hoodenpyle file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that if Mrs. Hoodenpyle fails to comply with this Order within the time allowed the Complaint and the action will be dismissed without further notice.

DATED February 24, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00070-BNB

Gary D. Fielder
Attorney at Law
*ATTORNEY TO BE NOTICED*

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 24, 2011.

                                          GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                 Deputy Clerk